UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DONATELLE PLASTICS, INC.,

Plaintiff,

v.

STONHARD, INC.,

Defendant.

CIVIL NO. 01-1429 (RHK/JMM)

ORDER

The above matter came on for hearing before the undersigned on November 16, 2001 upon Plaintiff's Motion to Amend Complaint [Docket Nos. 8, 11]. William Lowell Killion, Esq. appeared on behalf of Plaintiff; James M. Lockhart, Esq. and Geraint David Powell, Esq. appeared on behalf of Defendant.

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED that Plaintiff's Motion to Amend Complaint [Docket Nos. 8, 11] is granted, without prejudice to the merits of any defenses.

Dated: January 7, 2002

JOHN M. MASON
United States Magistrate Judge

**MEMORANDUM**

The Complaint in this action asserts claims of breach of warranty and breach of contract regarding the sale of flooring. Plaintiff seeks an Order pursuant to Rule 15 of the Federal Rules of Civil Procedure permitting it to amend its Complaint to assert claims

FILED JAN 07 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD____
DEPUTY CLERK____

for common law fraud and misrepresentation, deceptive trade practices (under Minn. Stat. § 325D.44), false advertising (under Minn. Stat. § 325F.67), consumer fraud (under Minn. Stat. § 325F.69), and fraudulent concealment/non-disclosure. Defendant asserts that Plaintiff's Motion should be denied because the amendment would be futile.

Our resolution of these issues is strongly influenced by the procedural posture of this case. The case is not before us on a motion to dismiss, but rather on a Motion to Amend the Complaint. The Federal Rules of Civil Procedure provide a series of increasingly stricter pre-trial interception mechanisms, starting with Rule 11 (at the filing stage), proceeding through Rule 15 (amendments) and Rule 12 (dismissal as a matter of law), and ending with Rule 56 (after all discovery has been completed). This case is still near the beginning of that spectrum. Plaintiff's Complaint is still subject to motions to dismiss and/or for summary judgment.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." The applicable standard is summarized in Foman v. Davis, 371 U.S. 178, 182 (1962), which states:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits. In the absence of any apparent reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, ... undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc. -- the leave should, as the rules require, be "freely given."

The Eighth Circuit has stated that "a party's motion to amend should be dismissed on the merits 'only if [it] assert[s] clearly frivolous claims or defenses.'" Gamma-10 Plastics, Inc. v. Amer. President Lines, Ltd., 32 F.3d 1244, 1255 (8th Cir. 1994)(quoting Buder v. Merrill

Lynch, Pierce Fenner & Smith, 644 F.2d 690, 694 (8th Cir. 1981)). "Likelihood of success on the new claim is no basis for denying an amendment unless the claim asserted therein is clearly frivolous." Id. at 1256. The application of these and related principles requires an exercise of judgment concerning the specific facts and procedural status in each particular case.

Defendant argues that the new claims Plaintiff seeks to assert are barred by the two-year statute of limitations found in Minnesota Statutes section 541.051 subd. 1(a), which provides:

> Except where fraud is involved, no action by any person in contract, tort, or otherwise to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained on account of the injury, shall be brought against any person performing or furnishing the design, planning, supervision, materials, or observation of construction or construction of the improvement to real property or against the owner of the real property more than two years after discovery of the injury . . .

Plaintiff asserts that § 541.051 does not apply to the claims it seeks to assert because they are claims for fraudulent activity, which are excepted from the statute.

Defendant argues that § 541.051 applies to the new claims, and therefore makes Plaintiff's proposed amendment futile. Futility of a proposed amendment is a valid reason for refusing leave to amend. Foman, 371 U.S. at 182; Becker v. Univ. of Nebraska, 191 F.3d 904, 908 (8th Cir. 1999)(citation omitted). In this case, we are not prepared to conclude on the record before us that the proposed amendment is futile. Compare Metropolitan Fed. Bank of Iowa v. W.R. Grace & Co., 999 F.2d 1257, 1261 (8th Cir.

1993)("The statute does not provide a definition limiting the scope of 'fraud' to fraudulent concealment"), with Appletree Square 1 Ltd. Ptsp. v. W.R. Grace & Co., 815 F. Supp. 1266, 1275 (fraud is relevant only to the extent that defendant's actions might have prevented plaintiff from discovering a cause of action), aff'd, 29 F.3d 1283 (8th Cir. 1994). The issue is not so clear cut so as to allow the Court to conclude at this time that allowing Plaintiff to add these claims would be futile.

The same analysis applies to Defendant's arguments regarding the materiality and generality of the alleged misrepresentations, as well as arguments stemming from the existence of a written contract between the parties. Defendant's arguments that Plaintiff is unlikely to prevail on the added claims are not properly resolved on a Motion to Amend.

J.M.M.