UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Donatelle Plastics Incorporated,<br><br>Plaintiff,<br><br>vs.<br><br>Stonhard, Inc., n/k/a StonCor Group, Inc., a Delaware corporation<br><br>Defendant. | ) | CIV. NO. 01-1429 (RHK/JMM)<br><br>**STIPULATED CONFIDENTIALITY PROTECTIVE ORDER** |

The above-named parties, it being their intention to enter into an agreement permitting the entry of a Protective Order, hereby stipulate as follows:

1. Any party to this action may designate as "confidential" documents, interrogatory answers, responses to requests for admissions, deposition transcripts and any other materials and information (hereinafter collectively referred to as "Confidential Information") heretofore or hereafter produced or disclosed in this action if and to the extent the Confidential Information contain or reveal confidential business information. Confidential Information shall be so designated by stamping each page with the word "Confidential."

2. Confidential Information shall be used by the receiving parties and the persons identified in Paragraph 3 only for purposes of and in connection with the litigation that is ongoing between the parties hereto, and for no other purposes.

3. Confidential Information may only be shown or disclosed by the receiving party to the following persons:

(a) counsel for such party;



FILED MAR 20 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

(b) executives or other personnel of such party who assist in pre-trial preparations or the trial of this action;

(c) experts or consultants retained by such party, including their partners and associates, and stenographic, secretarial and clerical employees; and

4. Prior to the disclosure of Confidential Information to any person listed in paragraphs 3(b) or 3(c) above, the receiving party shall:

(a) provide such person with a copy of this Protective Order; and

(b) obtain from such person a signed statement in the form attached hereto as Exhibit A. (Such statement shall be retained by the receiving party and need not be filed with the court or served upon opposing counsel unless requested by opposing counsel or required by court order.)

5. Any person listed in paragraphs 3(a) through 3(c) who has received any Confidential Information shall:

(a) read this Order;

(b) use such Confidential Information only for purposes in connection with this litigation; and

(c) not disclose or discuss such Confidential Information with any person other than those already subject to the terms of this Order.

6. No person shall attend portions of depositions during which Confidential Information is disclosed unless such person is an authorized recipient of Confidential Information under the terms of this Order. If, during the course of a deposition, an appropriate response to a question would require the disclosure of Confidential Information or an answer discloses Confidential Information, the witness may refuse to answer or the party whose

Confidential Information is being disclosed may instruct the witness not to answer or not to complete his answer, as the case may be, until any persons not authorized to receive Confidential Information have left the room.

7. Any court reporter who transcribes testimony in this action at a deposition shall be required to agree, before transcribing any such testimony, that all information designated Confidential Information shall not be disclosed except as provided in this Order; that copies of any transcript, reporter's notes, or any other transcription records of any such testimony will be retained in absolute confidence and safekeeping by such reporter or shall be delivered to an attorney of record or filed under seal with the Court.

8. All Confidential Information shall be carefully maintained by counsel in accordance with the provisions of this Order to protect its confidentiality.

9. Confidential Information produced in this action can be used in the taking of third-party depositions as long as the third-party deponent has signed Exhibit A. This Protective Order and the attached Exhibit A shall be served with each third-party deposition subpoena. In the event that the third-party deponent refuses to sign the protective order, then the parties shall cooperate either to obtain a protective order from the court or agree to such other arrangements as are reasonably acceptable to all persons involved.

10. No information shall be designated as Confidential Information unless the party making such designation has a good faith belief that the information is not known and not readily available to competitors or potential competitors of such party who have no obligation to maintain the confidentiality of the information and that disclosure to, or use of the information by a competitor or potential competitor could substantially injure the designating party.

11. Nothing in this Protective Order constitutes a finding or evidence that any of the information disclosed or contained in the produced or designated documents and things is or is not confidential. No party shall maintain that particular information is or is not confidential by virtue of the existence of, or its designation under, this Protective Order and nothing herein shall prevent either party from contending, during the progress of this lawsuit, that any or all such information is not confidential.

12. Any party may request from any other party a change in the designation of any Confidential Information. Such request shall be in writing, stating the grounds therefor, and served on counsel for the other party. The requested change shall not occur unless permission shall be granted in writing by the producing party. In the event that the parties cannot resolve their differences by agreement and a court determination is sought, the party asserting a particular designation shall have the burden of establishing the need therefor.

13. If a document or thing containing Confidential Information, including without limitation any brief or memoranda, is filed with the Court, it shall be filed with the clerk of the court in a sealed envelope marked with the caption of the case, a schedule of contents of the envelope, and the following notation:

> "Contains CONFIDENTIAL INFORMATION Under A Protective Order; To Be Opened Only By Or As Directed By The Court."

14. Should need arise during the trial or any hearing before the Court for any party to disclose Confidential Information, it may do so only after appropriate in camera inspection or other safeguards are provided by the Court.

15. On final termination of this action, each party or other persons subject to the terms hereof shall assemble and destroy or return to the producing party all materials, documents and

things produced in this action, all copies, summaries and abstracts thereof and all other materials, memoranda or documents constituting or containing confidential information. If a party chooses to destroy such materials, that party shall certify to the producing party the destruction of all such materials. Notwithstanding the foregoing, counsel of record for each party may retain one copy of each document constituting or containing confidential information solely for reference in the event of a dispute over the use or dissemination of Confidential Information in violation of the terms of this Protective Order.

16. Any party for good cause may apply to the Court for a modification of this Protective Order.

17. The parties agree to the entry of this Stipulation as an Order of the Court.

Dated: March 20, 2002

GRAY, PLANT, MOOTY,
MOOTY & BENNETT, P.A.

By
William L. Killion (MN #55700)
Brian L. McMahon (#0295863)
3400 City Center
33 South Sixth Street
Minneapolis, Minnesota 55402
Telephone: (612) 343-2800

ATTORNEYS FOR PLAINTIFF
DONATELLE PLASTICS INC.

Dated: March 30, 2002

LOMMEN, NELSON, COLE &
STAGEBERG, P.A.

By ______________________

James M. Lockhart, Esq. (#176746)
Geraint D. Powell, Esq. (#250594)
1800 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
Telephone: (612) 339-8131

ATTORNEYS FOR DEFENDANT
STONHARD, INC., N/K/A STONCOR
GROUP, INC.

BASED UPON THE FOREGOING STIPULATION, IT IS SO ORDERED.

Dated: 3/20, 2002

BY THE COURT:

______________________
The Honorable John M. Mason
United States Magistrate Judge

876187v1

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Donatelle Plastics Incorporated,<br><br>Plaintiff,<br><br>vs.<br><br>Stonhard, Inc., n/k/a StonCor Group, Inc., a Delaware corporation<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIV. NO. 01-1429 (RHK/JMM)<br><br>**ACKNOWLEDGEMENT OF PROTECTIVE ORDER** |

The undersigned hereby acknowledges receipt of a copy of the Protective Order entered herein on __________________, that states that he (she) has read and understands the terms thereof, and acknowledges that he (she) is bound by the terms thereof.

Dated: _______________

______________________________
Signature

______________________________
Printed Name

______________________________
Address

______________________________

**EXHIBIT A**

GP:876187 v1

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.