**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

DONATELLE PLASTICS, INC.,

Plaintiff,

v.

STONHARD, INC., n/k/a StonCor Group, Inc., a Delaware corporation,

Defendant.

Civil No. 01-1429 RHK/AJB

**ORDER ON DISCOVERY**

This matter came before the Court, Magistrate Judge Arthur J. Boylan, on Plaintiff's motion to compel discovery [Docket No. 36]. Hearing was held on July 1, 2002, at the U.S. Courthouse, 316 No. Robert St., St. Paul, MN 55101. William L. Killion, Esq., appeared on behalf of the Plaintiff. James M. Lockhart, Esq., appeared on behalf of the Defendant.

Based on the file, affidavits, memoranda and arguments of counsel, **IT IS HEREBY ORDERED** that:

1. Plaintiff Donatelle Plastics, Inc.'s ("Donatelle") Motion for an Order Permitting a Responsive Memorandum is **denied** [Docket No. 45]. The Local Rules do not authorize a reply memorandum in nondispositive motions except by permission of the Court and in this instance the Court is not persuaded that it would be further aided in its consideration of the motion where plaintiff is given opportunity for oral presentation and has already filed a thorough memorandum in support of its motion, as well as a

JUL 2 2 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

substantial affidavit and exhibits which are explicitly incorporated into the memorandum.

2. Plaintiff Donatelle Plastics, Inc.'s motion to compel discovery and for attorney's fees is **granted in part and denied in part** [Docket No. 36].

3. Plaintiff Donatelle's request pursuant to Interrogatory No. 4 that Defendant Stonhard, Inc. ("Stonhard") produce documents and information regarding other complaints against Stonhard involving Stonshield products is **granted** as herein provided. The Stonshield SLT refers to the particular type of epoxy-type flooring produced by the Defendant Stonhard that is at issue in this case. The Stonshield HRI model of flooring produced by the Defendant Stonhard is in the same line of epoxy floors as the SLT model, though it is a thicker product made for more heavy duty applications. The court finds that the Stonshield HRI model is of sufficient similarity to the SLT model such that discovery of material relating to the HRI model is relevant to claims and the subject matter in this case and therefore falls within the scope of discovery under Fed. R. Civ. P. 26(b)(1). Defendant shall produce materials addressing other claims or incidents with respect to floors installed from January 1, 1993, to the present.

4. Plaintiff Donatelle's request that the Defendant Stonhard produce additional information concerning the *Tech Lines* pursuant to Interrogatory No. 8 and Document Request Nos. 1, 11, 31, and 35, is **granted**. The *Tech Lines* are internal documents of the Defendant Stonhard that allegedly may contain material relating to testing for moisture between the concrete and the Stonshield product that should be done prior to the installation of the Stonshield SLT floor. While the information in the *Tech*

*Lines* involves material in addition to information on the Stonshield SLT product line, the requested material may discuss flooring that deteriorates due to moisture buildup between the concrete floor and Stonshield products and is therefore relevant to the subject matter in this action.

5. Plaintiff Donatelle's request pursuant to Document Request No. 32 that Defendant Stonhard produce individual files of Mr. Fred Gelfant and Mr. Fred Pfaff relating to the NACE/SSPC Joint Task Force F is **denied**. The NACE/SSPC task force is an industry group that prepares standards for the proper preparation and installation of epoxy-type floorings. Mr. Gelfant and Mr. Pfaff are defendant's employees and they have participated in the activities of this particular task force. Defendant indicates that plaintiff already possesses published material issued by the trade association and argues that the individual files of these employees are not relevant to a claim or defense or to the subject matter of this litigation. The Court concludes that the individual NACE/SSPC Joint Task Force F files maintained by Mr. Gelfant and Mr. Pfaff do not relate to a claim, defense or the subject matter of this litigation and are outside the scope of discovery as contemplated under Fed. R. Civ. P. 26(b)(1).

5. Plaintiff Donatelle's motion for costs is **denied**.

Dated: July 22, 2002

Arthur J. Boylan
United States Magistrate Judge